UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CYMAIN GHANA LIMITED, | Honorable Madeline Cox Arleo |
| Plaintiff, | Civil Action No. 11-49 (SDW) |
| v. | **REPORT AND RECOMMENDATION** |
| PACIFIC ATLANTIC LINES, INC., | |
| Defendant. | |

## BACKGROUND

On January 5, 2011, plaintiff, Cymain Ghana Limited ("plaintiff") filed the Complaint. On January 10, 2011, defendant, Pacific Atlantic Lines, Inc. ("defendant") filed an Answer with affirmative defenses.[1]

On January 21, 2011, the Court entered an Order, scheduling an initial conference for March 3, 2011. The January 21st Order directed the parties to exchange initial disclosures pursuant to Fed. R. Civ. P. 26. The Order further advised that all parties who were not appearing pro se must be represented by counsel. Additionally, the Order emphasized that failure to comply with the terms therein may result in the imposition of sanctions. On March 1, 2011, this Court entered an Order adjourning the initial conference until March 17, 2011.

On March 17, 2011, counsel for both plaintiff and defendant participated in the

---

[1] At no time did defendants AFA Shipping, Inc., Ousman Taonkara, or Awa Noao enter an appearance or file Answers. On July 13, 2011 the Clerk's Office entered default against AFA Shipping, Inc., pursuant to plaintiff's request. On August 2, 2011, plaintiff moved for default judgment. On August 9, 2011, Judge Wigenton entered default judgment for the sum of $61,259.29 in favor of plaintiff against AFA Shipping.

conference. On March 17, 2011, the Court issued a Pretrial Scheduling Order ("Scheduling Order") which set forth, among other things, deadlines for completing discovery. The Scheduling Order required the parties to serve interrogatories by April 1, 2011 and respond within 30 days of receipt. The Scheduling Order also set a telephone status conference for June 13, 2011, which was later adjourned until June 29, 2011. The Scheduling Order emphasized that failure to comply with the Order would result in sanctions pursuant to Fed. R. Civ. P. 16(f) and 37.

On June 29, 2011, counsel for both plaintiff and defendant participated in the telephone status conference. Following the conference call, this Court entered an Order extending the deadline for fact discovery to August 1, 2011, and for filing summary judgment motions to September 15, 2011.

In his letter of July 26, 2011, defense counsel advised the Court that plaintiff had not provided adequate answers to written discovery as directed by the Court in its January 21st Scheduling Order. As such, defense counsel requested permission to file a motion to compel discovery and to extend the August 1st discovery deadline.

On July 27, 2011, this Court issued an Order, directing both parties to meet and confer to resolve plaintiff's allegedly deficient interrogatory answers. The Order further directed defense counsel to advise the Court of any remaining issues by August 12, 2011. Plaintiff was ordered to provide its response by August 17, 2011. The Court scheduled a discovery hearing for September 1, 2011 to address any outstanding discovery disputes.

In his letter of August 12, 2011, defense counsel advised this Court that plaintiff had not provided supplemental discovery answers or a response to defense counsel's letter by the court imposed deadline. On August 24, 2011, plaintiff's counsel wrote to the Court, stating he had not received supplemental answers from his client. Plaintiff's counsel advised he was not confident that plaintiff would comply with its outstanding obligations because plaintiff was pursuing similar claims against defendant in Ghana, Africa.

On September 1, 2011, no party or counsel appeared on behalf of plaintiff at the discovery hearing. On September 2, 2011, plaintiff's counsel wrote to the Court, explaining that he was unable to attend the conference due to a medical emergency and apologized for failing to notify regarding same. In his letter, plaintiff's counsel reiterated that he had not received supplemental answers from his client, and that he did not anticipate his client's compliance with its outstanding discovery obligations.

On September 2, 2011, this Court issued an Order to Show Cause why monetary/reprimand sanctions should not be imposed pursuant to Fed. R. Civ. P. 16(f), arising out of plaintiff's failure to attend the court ordered conference on September 1, 2011. The Order to Show Cause was returnable on September 20, 2011. On September 20, 2011, this Court adjourned the discovery hearing until October 26, 2011.

On October 26, 2011, counsel for both plaintiff and defendant appeared at the discovery hearing. On October 28, 2011, this Court entered a Scheduling Order, directing plaintiff to provide more responsive answers to interrogatories, and advising that failure to do so would result in sanctions up to and including dismissal of the Complaint. The Order also scheduled a

telephone status conference for January 28, 2012, which was later rescheduled to January 26, 2012.

In his letter of November 18, 2011, defense counsel advised the Court that plaintiff still failed to supplement its interrogatory answers as previously directed by the Court. As such, defense counsel requested dismissal of plaintiff's complaint pursuant to Fed. R. Civ. P. 37(d).

On December 2, 2011, this Court issued a second Order to Show Cause why monetary/reprimand sanctions should not be imposed pursuant to Fed. R. Civ. P. 37(b)(2)(A), arising out of plaintiff's failure to comply with discovery obligations as directed by the October 28th Order. The Order to Show Cause was returnable on December 19, 2011. On December 19, 2011, plaintiff's counsel appeared on behalf of plaintiff.

On January 26, 2012, attorney Derek Reed, filed a motion to withdraw as plaintiff's counsel. The basis of the motion was plaintiff's failure to communicate with counsel, respond to discovery, or otherwise cooperate in prosecuting its claim. On February 16, 2012, this Court entered an Order, granting Mr. Reed's motion and directing him to provide plaintiff with a copy of the Order. The Order directed plaintiff to have new counsel enter an appearance on its behalf by February 29, 2012, as a corporate entity cannot represent itself under applicable law. The Order also provided that if new counsel failed to enter an appearance on behalf of plaintiff by February 29, 2012, the Court would ask the District Judge to dismiss its Complaint. The Order further directed all parties to appear for an in person status conference on March 2, 2012, and highlighted that failure to comply with the terms therein would result in sanctions.

On March 2, 2012, no party or counsel appeared on behalf of plaintiff. On March 8, 2012, this Court issued an Order to Show Cause why monetary/reprimand sanctions should not

be imposed pursuant to Fed. R. Civ. P. 37(b)(2)(A), arising out of plaintiff's failure to retain counsel to enter an appearance on its behalf.  The Order to Show Cause was returnable on March 21, 2012.  Plaintiff was directed to file any written submissions with the Court by March 19, 2012.  Out of an abundance of caution, this Court sent copies of the March 8th Order to Show Cause to plaintiff's address by regular and certified mail/return receipt requested.[2]  At no time was the mailed Order returned to the Court as undeliverable.

Before the March 21st hearing, plaintiff filed no written submissions.  No party or counsel appeared on behalf of plaintiff at the March 21, 2012 Order to Show Cause hearing.

## **DISCUSSION**

Plaintiff's failure to prosecute this action and to comply with its discovery obligations and this Court's orders require this Court to determine the appropriate sanctions to impose.  In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 963 (3d Cir. 1984), the Third Circuit Court of Appeals set forth six factors which must be considered to determine whether to dismiss a plaintiff's action.  The Poulis factors are: (1) "the extent of the party's personal responsibility; (2) prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the attorney's conduct was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Id. at 868.  The Court is required to balance each factor in its analysis.  Id.

---

[2] Consistent with the address for plaintiff as set forth on the official docket, the Court mailed a copy of the March 8th Order to Show Cause to Cymain Ghana Limited, as "1861 Vernon Place, Fairfield, OH 45014."

1. <u>The Extent of the Party's Personal Responsibility</u>

Aside from filing a Complaint and providing insufficient answers to interrogatories, plaintiff has demonstrated an unwillingness to prosecute this action. Along with failing to provide more complete answers to defendant's written discovery, plaintiff's corporate representative has failed to respond to efforts by plaintiff's counsel to contact him. Furthermore, plaintiff has failed to comply with this Court's Orders of January 21, 2011; June 29, 2011; July 27, 2011; October 28, 2011; February 16, 2012; and March 8, 2012, which included, among other things, deadlines for responding to written discovery and orders to appear at court ordered conferences. Additionally, plaintiff's counsel advised this Court that he did not anticipate plaintiff's compliance with its outstanding obligations because plaintiff was pursuing similar claims against defendant in Ghana, Africa. Indeed, plaintiff's counsel withdrew from this matter because he was unable to contact his client despite several attempts.

Following the Court's Order relieving Mr. Reed as counsel for plaintiff, the Court afforded plaintiff more than 30 days to retain new counsel. The February 16th Order explained that a corporate entity cannot represent itself under applicable law and directed plaintiff to retain counsel by February 29, 2012. Additionally, the Order warned plaintiff that, if counsel failed to enter an appearance on its behalf by February 29, 2012, this Court would ask the District Court to dismiss plaintiff's Complaint. Despite the February 16, 2012 Order, to date, no one has appeared or contacted the Court on behalf of plaintiff.

This Court finds that plaintiff is personally responsible for its failures to comply with the orders of this Court. Additionally, its failures to appear for court conferences, respond to discovery, or otherwise communicate with the Court and its own counsel, demonstrate its

personal lack of responsibility in prosecuting its claim.  Accordingly, such conduct weighs in favor of dismissal.

      2.      Prejudice to the Adversary

Plaintiff's repeated failures to comply with its discovery obligations or communicate with its former counsel or this Court make it impossible to determine its interest in pursuing this action; for discovery to proceed; for dispositive motions to be filed; and for this matter to be adjudicated on the merits.  The inability to proceed requires this Court to find that defendant has been prejudiced by plaintiff's failure to prosecute this action or to comply with its discovery obligations.

The Third Circuit addressed Poulis' "prejudicial harm" standard in Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003).  There, plaintiff failed to provide defendant with specific information and documentation concerning the damages calculation in a timely fashion. The court explained that "while prejudice for the purpose of Poulis analysis does not mean 'irremediable harm,' the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial."  Id.  Prejudice also includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994)(citations omitted).

Here, the prejudice is palpable. Based on plaintiff's decision to disregard court orders and to thwart the discovery process, defendant is incapable of defending against plaintiff's claim. Despite numerous Orders from this Court, plaintiff now *pro se* has not attended court

appearances or provided adequate discovery. I am satisfied that defendant has been prejudiced by plaintiff's failure to prosecute this case and comply with the Court's orders. Plaintiff's inaction in this matter weighs in favor of dismissal.

      3.      <u>A History of Dilatoriness</u>

Plaintiff's actions in this matter indicate a history of non-compliance. As noted above, plaintiff has repeatedly failed to comply with discovery obligations and court orders. Plaintiff's former attorney made several attempts to contact plaintiff in an effort to get plaintiff to provide supplemental answers to interrogatories and allow the parties to complete discovery. Furthermore, plaintiff's former attorney advised this Court that he did not expect plaintiff to comply with its outstanding discovery obligations because plaintiff was involved in a similar suit against defendant in Ghana, Africa. Plaintiff did not respond adequately to defendant's interrogatories, attempt to communicate with this Court, or retain new counsel following the withdrawal of its attorney on February 16, 2012. Finally, plaintiff has not made any attempt to explain its failures to comply with any of its obligations in prosecuting its claims.

<u>Poulis</u> makes clear that "[time limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation. If compliance is not feasible, a timely request for an extension should be made to the court. A history...of ignoring these time limits is intolerable." 747 F.2d at 868. Plaintiff has ignored court Orders and discovery related deadlines, and has failed to appear at the conference on March 2, 2012 (resulting in an Order To Show Cause) and the hearing on March 21, 2012. Despite several court orders and extensions of the discovery deadline, discovery remains outstanding. Therefore, this factor weighs in favor of dismissal.

4.        Whether the Attorney's Conduct was Willful or in Bad Faith

The fourth Poulis factor is not applicable here because plaintiff failed to retain new counsel following the withdrawal of its attorney on February 16, 2012. Yet, plaintiff has not provided this Court with any justification for its non-compliance throughout this case. Indeed, plaintiff did little to comply with its discovery obligations before its counsel withdrew from the case. Following its attorney's withdrawal on February 16, 2012, plaintiff made no attempt to contact this Court or otherwise participate in pursuing its claims. The absence of a reasonable excuse suggests willful conduct or bad faith. See Ware, 322 F.3d at 224 (finding willfulness and bad faith where "[No excuse has been proffered for the excessive procrastination of Plaintiff's counsel"). Based on plaintiff's noncompliance, this Court finds that plaintiff has made a willful decision not to litigate this action, as demonstrated by its pattern of refusing to engage in discovery and its failure to comply with Court orders.

5.        Alternative Sanctions

There are no alternative sanctions that would be appropriate here. Plaintiff has demonstrated a distinct lack of desire to prosecute this action.

6.        Meritoriousness of the Claim

As set forth above, plaintiff has failed to answer adequately defendant's interrogatories, to appear at court ordered conferences, or otherwise prosecute this action. This Court cannot determine whether plaintiff can prove its claim at trial merely based upon a review of the pleadings.

A balancing of the Poulis factors weighs in favor of dismissing this action with prejudice. Not all of the Poulis factors need to be satisfied in order to enter a dismissal. Mindek v. Rigatti,

9

964 F.2d 1369, 1373 (3d Cir. 1992).  Here, plaintiff has failed to prosecute this action; comply with its discovery obligations or otherwise comply with orders of this Court.  As such, discovery cannot proceed, a final pretrial conference cannot be scheduled, and dispositive motions cannot be filed.

Furthermore, pursuant to settled Third Circuit law, corporations cannot represent themselves pro se.  See Simbraw v. United States, 367 F.2d 373, 374 (3d Cir. 1996).  Despite this Court's admonitions, Cymain has not retained counsel.  Therefore, the sanction of dismissal also is warranted on this independent basis.

## CONCLUSION

For the reasons set forth above, I recommend that plaintiff's Complaint (Dkt. No. 1) be dismissed with prejudice.

                                          Respectfully submitted,

                                          *s/Madeline Cox Arleo*
                                          MADELINE COX ARLEO
                                          United States Magistrate Judge

Dated: May 29, 2012

Orig.: Clerk of the Court
cc:     Hon. William H. Walls, U.S.D.J.
        All Parties
        File